IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

| | |
|---|---|
| LESLIE BARBER, JACQUELINE BRANDON, SANDRA FAYE CUNNINGHAM, JOHN GREER, CURTIS KING, JR., TONEY MCCLOUD, SHONDA PATRICK MAZIQUE, TAMMIE ORR, SANDRA OVERSTREET, TERESA ROBERTSON, MARQUITA ROBY, KALETTA ROBY AND CARLOS SMITH, On behalf of herself and All Others Similarly Situated<br><br>VS.<br><br>PECO FOODS, INC. | SOUTHERN DISTRICT OF MISSISSIPPI<br>F I L E D<br>AUG 2 1 2006<br>J T NOBLIN, CLERK<br>BY_____ DEPUTY<br><br>CIVIL ACTION NO. 3:06CV466WHB-JCS<br>JURY DEMANDED |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

### INTRODUCTION

1. Pursuant to 29 USC § 207 ("FLSA"), the named plaintiffs as hourly, non-exempt employees allege violations of their statutory employment right to receive pay for all compensable time worked and overtime for Defendant, Peco Foods, Inc. (Collectively hereinafter "Peco Foods"). Pursuant to 29 USC § 216(b), the named plaintiffs also seek to represent all other similarly situated past and present employees, as described herein, who have not been paid for all compensable time worked and overtime and to have this action certified as a collective action. For herself and all those similarly situated, the named employees seeks their unpaid hours worked, unpaid overtime, liquidated damages, all available equitable relief, attorney fees, and litigation expenses/costs, including expert witness fees and expenses.

## PARTIES

2.    Plaintiffs, Leslie Barber, Jacqueline Brandon, Sandra Faye Cunningham, John Greer, Curtis King, Jr., Toney McCloud, Shonda Patrick Mazique, Tammie Orr, Sandra Overstreet, Teresa Robertson, Marquita Roby, Kaletta Roby and Carlos Smith are an individual residing in Mississippi and are a present/former employees at the Peco Foods, Inc. chicken processing and production plants in Brooksville, Mississippi and Sebastopol, Mississippi. Plaintiffs' written consents to this action are attached hereto as Exhibit A. The Plaintiffs bring this action individually in their own behalf and, pursuant to 29 U.S.C. §216(b), as representatives of a class of individuals who are similarly situated and who have suffered the same or similar damages.

3.    Peco Foods, Inc. is an Alabama corporation with its home office in Tuscaloosa, Alabama. Peco Foods may be served by delivering the summons and complaint to its registered agent for service, Tommy Eliott, 1020 Lurleen Wallace Blvd N, Tuscaloosa, Alabama 35401.

## JURISDICTION AND VENUE

4.    This court has jurisdiction by virtue of 28 U.S.C. §1331 and §1337. The Court has subject matter jurisdiction over Plaintiff's claims under the Fair Labor Standards Act and has personal jurisdiction to hear the case. *See* 29 U.S.C. 201, et seq. Venue is proper in the Southern District of Mississippi pursuant to 28 U.S.C. §1391 because a substantial part of the events or omissions giving rise to the claims have occurred within the Southern District.

## FACTS

5.    Since August 18, 2003, Plaintiffs were an employee at Peco Foods chicken processing and production facilities located in Brooksville, Mississippi and Sebastopol, Mississippi. The Plaintiffs' jobs required that they put on or "don" protective clothing as well as sanitize certain protective garments in preparation for their performance of their duties. At the end of their shift,

Plaintiffs were required to take off or "doff" the same protective and sanitary clothing. The evidence at trial will show that Plaintiffs were not compensated for the time spent in "donning" and "doffing" the protective and sanitary clothing mentioned above. The evidence at trial will also show that Peco Foods automatically deducted thirty minutes from each worker's workday for a meal break regardless of the actual time spent on their meal break. In addition, Plaintiffs allege that they were not paid overtime wages at one and one-half times their regular hourly rate for all hours worked in excess of 40 hours in a work week.

6. The uncompensated work time in question constituted principal activities integral and indispensable to the performance of Plaintiffs' job as required by Peco Foods and performed by Plaintiffs prior to the scheduled start and after the scheduled end of their shifts. This includes time spent working in proceeding through security devices prior to and upon entry to the workplace, walking/traveling to the designated locker room area to change into safety related uniforms and work clothes required by Peco Foods to be worn while working and which cannot be taken off the premises, changing into the company owned safety related uniforms and work clothes, and walking/traveling from the designated locker room area to their work area. This uncompensated work time also includes time spent after the scheduled end of their shift in proceeding through security devices strictly and solely for the benefit of the employer, Peco Foods, before being allowed to exit the workplace. The work time spent by the Plaintiffs in engaging in the aforesaid activities was not compensated in violation of the aforesaid federal statutes.

7. Plaintiffs regularly and consistently worked more than 40 hours per week with the knowledge of Peco Foods for the work activities described herein and for which Peco Foods did not pay Plaintiffs for such time. Defendant has willfully engaged in a pattern, practice, and

policy of unlawful conduct by failing to pay the lawful and required overtime rate for hours worked beyond 40 per week to employees in the United States in violation of the FLSA statutes referenced herein.

8.  Finally, Plaintiffs claim that they were was not paid the correct hourly rate or that their wages were not calculated properly.

9.  Plaintiffs believe and, therefore, allege that the failure of Peco Foods to correctly pay Plaintiffs for all compensable time spent in furtherance of Peco Foods business was intentional.

## CLAIMS

10. The Fair Labor Standards Act (29 U.S.C. § 201, *et seq.*) is commonly referred to as "FSLA." Among other things, the FSLA statutes and the regulations promulgated thereunder govern the activities of the pay practices of employers involved in commerce. Plaintiffs allege that the failure to pay Plaintiffs for all hours worked is a direct violation of the FLSA statutes and regulations. Additionally, Plaintiffs allege that the failure to pay Plaintiffs one and one-half her regular rate for all hours worked in excess of 40 hours in a work week is a direct violation of the FLSA statutes and regulations. Plaintiffs are entitled to receive the unpaid wages due them, liquidated damages, costs, and attorneys' fees.

## COLLECTIVE ACTION

11. Pursuant to 29 U.S.C. § 216(b) the named Plaintiffs also brings this action as a collective action. The named Plaintiffs are representative of a class of employees of Peco Foods, who were not paid for all hours worked for Peco Foods as described herein. Plaintiffs have actual knowledge that there are numerous employees who were not paid for all hours worked for Peco Foods as described herein.

12. All, or virtually all, of the legal and factual issues that will arise in litigating the class claims will be common to the class members and the named Plaintiffs. These issues include: uncompensated work time in question constituted principal activities integral and indispensable to the performance of Plaintiff's jobs as required by Peco Foods and performed by Plaintiffs prior to the scheduled start and after the scheduled end of their shifts. These issues also include: time spent working in proceeding through security devices prior to and upon entry to the workplace, walking/traveling to the designated locker room area to change into safety related uniforms and work clothes required by Peco Foods to be worn while working and which cannot be taken off the premises, changing into the company owned safety related uniforms and work clothes, and walking/traveling from the designated locker room area to their work area. This uncompensated work time also includes time spent after the scheduled end of their shift in proceeding through security devices strictly and solely for the benefit of the employer Peco Foods before being allowed to exit the workplace. For the last several years, Peco Foods has employed hundreds of employees in Brooksville, Mississippi, Canton, Mississippi, Sebastopol Mississippi Bay Springs, Mississippi, Tuscaloosa, Alabama and Gordo, Alabama.

13. The questions of law and fact are common to the class. The failure to pay its employees for the compensable time spent in furtherance of Peco Foods business was common to all hourly employees at the Peco Foods plants in Brooksville, Mississippi, Canton, Mississippi, Sebastopol Mississippi Bay Springs, Mississippi, Tuscaloosa, Alabama and Gordo, Alabama.

14. The Plaintiffs' claims arise from the same course of conduct.

15. Plaintiffs, Leslie Barber, Jacqueline Brandon, Sandra Faye Cunningham, John Greer, Curtis King, Jr., Toney McCloud, Shonda Patrick Mazique, Tammie Orr, Sandra Overstreet, Teresa Robertson, Marquita Roby, Kaletta Roby and Carlos Smith requests that they be

permitted to serve as representatives of the affected class, and this action should be certified as a collective action.

## JURY DEMAND

16. Plaintiffs, individually and as a representatives of the class, request a jury trial.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that the case be certified as a collective action and that the Plaintiffs and each member of the class recover from Peco Foods, Inc., the following:

1. The unpaid wages due to Plaintiffs;

2. Liquidated damages authorized by the applicable statutes;

3. Unpaid wages due to all class members;

4. Liquidated damages to all class members;

5. Court costs;

6. Attorneys' fees; and

7. Such other and further relief as the Court deems just.

Respectfully submitted,

*[signature]*

Seth M. Hunter
Mississippi Bar No. 101145
Attorney & Counselor at Law, PLLC
404 Hemphill Street
Hattiesburg, Mississippi 39401
Telephone: (601) 450-8682
Facsimile: (601) 450-8683
E-Mail: sethmhunter@gmail.com

*ATTORNEY FOR PLAINTIFFS*